Cora J. Jones
vs. } No. 2462.
Yellow Cab Company of R. I.

June 17, 1931.

CAPOTOSTO, J. Action for damages by the plaintiff as the result of a collision between a taxicab in which she was a passenger and another automobile, about 10:30 P. M. of March 18, 1930, at the intersection of Dean and Fountain Streets in the City of Providence. The jury returned a verdict for the plaintiff in the sum of $4,000. The defendant moves for a new trial upon the usual grounds and especially urges that the damages are grossly excessive.

The question of liability was an open question. On this issue, giving just consideration to weather conditions and the controverted facts in evidence, the jury was justified in deciding in favor of the plaintiff.

As to the damages, the verdict of the jury does not do justice between the parties. True the plaintiff sustained some lacerations, multiple bruises, and possible concussion, but these injuries cleared up in a relatively short time. No bones were injured, no muscles or ligaments damaged, no disfiguring scars or marks remain; no permanent injury claimed or proven. The principal complaint of the plaintiff at the present time is nervousness, which she maintains prevents her from doing the work that she formerly was accustomed to do. Her testimony stands practically uncorroborated and in certain instances is materially discredited by her own statements. The testimony of the doctor is vague and indefinite as to the existing consequences of any injuries which the plaintiff may have sustained. His assertions are more descriptive of what might have happened rather than what actually resulted to his patient.

As indicative of the plaintiff's mental attitude toward the question of damages, we may cite a few glaring instances which tended to weaken confidence in her claim. On direct examination she testified that she boarded three children, wards of the State, at $5 a week and that she made a profit of from five to seven dollars a week. She had previously testified that she was unable to attend to her usual household affairs. The impression which she actually succeeded in conveying to the Court was that she had to give up boarding the children on account of her physical disability. As a matter of fact, it later appeared that two of the children, wards of the State, have been and are still with her, and the third she herself asked to be removed because the child had grown too old for her surroundings. She also testified that before the accident she had three boarders who paid her $14 a week each. The inference which she succeeded in conveying was that the boarders were three strangers who were no longer boarding with her because of her inability to do her work. It subsequently appeared that one of the so-called boarders was the plaintiff's seventy-eight year old mother, and that the other two were her married daughter and her husband. She further weakened confidence in her statements when she said that she was getting $5 a week from her mother and that instead of the daughter and son-in-law boarding with her, she was boarding with them. In other words,

while she received money for board from her mother, the plaintiff herself was being provided for by her daughter and her husband. Strange things happen under the same roof when imagination speaks. It is to be further noted that no one of the "three boarders" was presented as a witness nor was their absence explained.

The atmosphere created by the plaintiff as to the question of damages was one of hopeful exaggeration. The injuries to the plaintiff left no serious impairment, either objective or subjective, beyond a general claim of so-called nervousness. The plaintiff was subject to close observation by the Court, both on and off the witness stand. It failed to discover any uneasiness, much less nervousness, at any time. Either this nervousness did not exist to any appreciable degree, or it was effectively concealed by self control. The Court is rather of the opinion that the nervousness in this case was of the type which can be more effectively treated by a large verdict than by medical means.

The verdict is unjust in amount. Taking everything into consideration and giving the plaintiff the benefit of reasonable liberality, the Court is of the opinion that $1,300 is ample compensation for the injuries which she sustained. If within five days from the filing of this rescript all of said verdict in excess of $1,300 is remitted, then a new trial is denied, otherwise a new trial is granted both as to liability and damages.